Louis Pechman (Bar No. 035931983)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group PLLC
488 Madison Avenue – 11th Floor
New York, New York 10022
(212) 583-9500

Mitchell Schley (Bar No. 002071984)
Law Offices of Mitchell Schley, LLC
197 Route 18, Suite 3000
East Brunswick, New Jersey 08816
(732) 325-0318

*Attorneys for Plaintiff and the
Putative FLSA Collective*

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------------X
JUSTINO ASTUDILLO on behalf of himself and all :
others similarly situated, :
: 
                                      Plaintiff, :   **Civ. Action No.:**
:
-against- :
:
MALIBU DINER, INC. d/b/a MALIBU DINER, :   **COLLECTIVE ACTION**
KONSTANTINOS BABALIS, NICHOLAS :   **COMPLAINT**
BABALIS, and CATARINA BABALIS, :
:
                                Defendants. :
:
------------------------------------------------------------------X

Plaintiff Justino Astudillo ("Astudillo" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC and the Law Offices of Mitchell Schley, LLC, complaining of Defendants Malibu Diner, Inc. d/b/a Malibu Diner ("Malibu Diner"), Konstantinos Babalis, Nicholas Babalis, and Catarina Babalis (collectively, "Defendants") alleges:

## NATURE OF THE COMPLAINT

1. Astudillo worked at Malibu Diner as a cook. During the 18 years he was employed by Defendants, Astudillo regularly worked more than 40 hours per week and was not paid overtime pay. Each week, Defendants paid Astudillo in cash.

2. Astudillo brings this action to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Malibu Diner is located in the District of New Jersey.

## THE PARTIES

**Plaintiff**

5. Plaintiff resides in Hudson County, New Jersey.

6. Defendants employed Plaintiff from about 1999 through on or about January 11, 2017.

7. At all relevant times, Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and NJWHL.

**Defendants**

8. Defendant Malibu Diner is a New Jersey corporation that owns and operates Malibu Diner, a restaurant located at 257 14th Street, Hoboken, New Jersey

07081, and at all relevant times has been an employer within the meaning of the FLSA and NJWHL.

9. Malibu Diner is open 24 hours a day, seven days a week.

10. Malibu Diner has an annual gross volume of sales in excess of $500,000.

11. Malibu Diner is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Malibu Diner has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. Defendant Konstantinos Babalis owns and is President of Malibu Diner, and he operates it along with his children Nicholas Babalis and Catarina Babalis.

14. Throughout Plaintiff's employment, Konstantinos Babalis had and exercised power and authority over personnel decisions at Malibu Diner, including the hiring and firing of employees, directing the manner in which employees performed their daily duties and assignments, establishing and implementing the pay practices and work and scheduling policies, and maintaining payroll and employee records.

15. Konstantinos Babalis regularly works on the premises of and makes day-to-day decisions at Malibu Diner.

16. Konstantinos Babalis regularly works seven days a week at Malibu Diner.

17. Throughout Plaintiff's employment, Nicholas Babalis had and exercised power and authority over personnel decisions at Malibu Diner, including the hiring and firing of employees, directing the manner in which employees performed their daily duties and assignments, and establishing and implementing the pay practices and work and scheduling policies, and maintaining payroll and employee records.

18. Nicholas Babalis regularly works on the premises of and makes day-to-day decisions at Malibu Diner.

19. Nicholas Babalis regularly works five days a week at Malibu Diner.

20. Throughout Plaintiff's employment, Catarina Babalis had and exercised power and authority over personnel decisions at Malibu Diner, including the hiring and firing of employees, directing the manner in which employees performed their daily duties and assignments, and establishing and implementing the pay practices and work and scheduling policies, and maintaining payroll and employee records.

21. Catarina Babalis regularly works on the premises of and makes day-to-day decisions at Malibu Diner.

22. Catarina Babalis regularly works five days a week at Malibu Diner.

23. Catarina Babalis generally hands out envelopes of cash to the workers on Fridays.

24. Konstatinos Babalis, Nicholas Babalis, and Catarina Babalis exercise sufficient control over Plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employers under the FLSA and NJWHL.

### COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and all non-tipped, non-exempt, back-of-the-house workers (*i.e.*, cooks and dishwashers) of Malibu Diner who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately twenty similarly situated current and former non-tipped, non-exempt, back-of-the-house employees of Malibu Diner, who, over the last three years have been victims of Defendants' common policy

and practices that have violated the employees' rights under the FLSA by, *inter alia*, willfully denying them overtime wages due under the FLSA.

27. Defendants apply the same employment policies, practices, and procedures to all non-tipped, non-exempt, back-of-the-house employees. This policy, pattern, or practice includes, *inter alia*, paying Plaintiff and the FLSA Collective on a weekly salary basis without overtime wages for hours worked in excess of forty per workweek.

28. Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by failing to compensate Plaintiff and the FLSA collective for all hours they have worked.

29. Defendants are aware or should have been aware that federal law required them to pay the FLSA Collective minimum wages for all hours worked as well as overtime premiums for all hours worked in excess of forty per workweek.

30. Plaintiff and the FLSA Collective were treated the same, and all either performed cooking or dishwashing duties.

31. Defendants' unlawful conduct has been widespread, repeated, and consistent.

32. There are many similarly situated current and former non-tipped, non-exempt back-of-the-house workers who have been denied overtime compensation in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

33. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## PLAINTIFF'S FACTUAL ALLEGATIONS

34. From approximately 1999 to January 11, 2017, Plaintiff worked primarily as a cook at Malibu Diner.

35. From approximately April 2014 through January 11, 2017, Plaintiff was paid a weekly salary of $750.00 in cash.

36. From approximately April 2014 through January 11, 2017, Plaintiff regularly worked 46 hours per workweek: Monday from 11:00 a.m. to 9:00 p.m.; Wednesday 7:00 a.m. to 3:00 p.m.; Friday 8:00 a.m. to 6:00 p.m.; Saturday 8:00 a.m. to 6:00 p.m.; and Sunday 8:00 a.m. to 6:00 p.m.

37. Throughout his employment, on Monday, Friday, Saturday, and Sunday Plaintiff was entitled to a half-hour break.

38. By way of example, Plaintiff worked more than 40 hours in the workweeks ending December 4, 11, 18, 25, 2015, and December 2, 9, 16, 23, 30, 2016.

39. When Plaintiff began working, the Malibu Diner had a timeclock on which he punched in and out each day.

40. More than three years ago, Defendants removed the timeclock and provided no alternative method to record employees' hours worked per workday.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Overtime

41. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

42. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular rate of pay for all hours they worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et. seq.*

6

43. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled to under the FLSA.

44. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

45. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

46. Defendants' violations of the FLSA described above have been willful and, therefore, a three year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

47. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime

48. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

49. Under the NJWHL and supporting New Jersey Department of Labor and Workforce Development Regulations, Defendants were required to pay Plaintiff and all non-tipped, non-exempt, back-of-the-house workers of Malibu Diner one and one (1½) half times their regular rate of pay for all hours worked in excess of 40 in each workweek.

50. Defendants have failed to pay Plaintiff and all non-tipped, non-exempt, back-of-the-house workers of Malibu Diner who elect to opt-in to this action the overtime wages to which they are entitled to under the NJWHL.

51. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and all non-tipped, non-exempt, back-of-the-house workers of Malibu Diner who elect to opt-in to this action.

52. Plaintiff also brings this action pursuant N.J.S.A. 34:11-56a25, which provides, "An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

53. Due to Defendants' willful violations of the NJWHL, Plaintiff and all non-tipped, non-exempt, back-of-the-house workers of Malibu Diner are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all non-tipped, non-exempt, back-of-the-house workers, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all cooks and dishwashers, and other non-tipped, non-exempt, back-of-the-house workers who are presently working, or who have worked, at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Malibu Diner. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Designation of Plaintiff as representative of the FLSA Collective;

C. Designation of counsel as counsel of the FLSA Collective;

D. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E. Unpaid overtime pay pursuant to N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

F. Pre- and post-judgment interest;

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

Dated: April 19, 2017

By: _____
Louis Pechman
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cadavid@pechmanlaw.com

By: *s/ Mitchell Schley*
Mitchell Schley
Law Offices of Mitchell Schley, LLC
197 Route 18, Suite 3000
East Brunswick, New Jersey 08816
(732) 325-0318
mschley@schleylaw.com

*Attorneys for Plaintiff and the Putative FLSA Collective*